| iSTEWART, Judge,
dissenting.
For the following reasons, I must disagree with the decision of the majority. LSA-R.S. 23:1310.8(B) provides:
“Upon application of any party in interest, on the ground of a change in conditions, the hearing officer may, after contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker’s Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.”
This statute clearly indicates that River-wood cannot unilaterally terminate or modify Boyette’s worker’s compensation benefits because of his incarceration, without first, filing a rule to show cause seeking a contradictory hearing and obtaining a ruling determining “who” is entitled to Boyette’s benefits while *1105 he is incarcerated. Such a unilateral termination by Riverwood, in my opinion, still renders the company liable for penalties and attorney’s fees.
Next, even if the majority’s interpretation of the current state of the law is indeed accurate, this case must still be remanded. LSA-R.S. 23:1201.4, the incarceration statute, provides:
“The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee’s right to claim compensation benefits shall resume.”
Thus, the WCHO was required to determine if Boyette has a dependent or dependents who rely on the 1990 compensation award for their support. Although the record contains a letter written by Riverwood’s attorney to the Office of Worker’s Compensation stating, “We are aware that the employee [Boyette] has some type of legal obligation relating to child support” this language is ^ambiguous at best, and does not confirm unequivocally to whom or in what amount Boyette’s obligation is to be paid.
Accordingly, I would remand this matter for a hearing in order (1) to determine whether the initial judgment awarding benefits to Boyette should be modified; and (2) if modified, I would order the WCHO to determine to whom and in what amount the weekly benefits should be awarded. Respectfully, I must dissent.